UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEBEDEV MIKHAIL,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br><br>  Respondents. | No.  1:25-cv-01414-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION AS DUPLICATIVE**<br><br>**[Doc. 6]**<br><br>[21-DAY DEADLINE] |

Petitioner has filed a petition for writ of habeas corpus challenging his indefinite detention by the United States Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner filed the instant petition on October 23, 2025. (Doc. 1.) On October 28, 2025, the Court issued an order directing Respondent to show cause why the petition should not be granted. (Doc. 3.) On November 26, 2025, Respondent filed a motion to dismiss the petition as duplicative. (Doc. 6.) Petitioner filed a traverse to the motion on December 1, 2025. (Doc. 8.) Upon review of the pleadings, the Court concludes the petition is duplicative of an earlier filed and pending petition. Therefore, the Court will recommend Respondent's motion be GRANTED.

/////

/////

1

**DISCUSSION**

I.   Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on the contention that the petition is duplicative of a prior case.  Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Legal Standard

Duplicative lawsuits filed by a petitioner proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir.1997); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir.1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato, 70 F.3d at 1105 n. 2; Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. California, 487 F.3d 684, 688, 692–94 (9th

Cir. 2007).

III.    Analysis

On October 23, 2025, Petitioner filed the instant petition challenging his prolonged detention. Petitioner previously filed an identical petition on October 17, 2025, in Lebedev v. Warden of the Golden State Annex, et al., Case No. 1:25-cv-01391-SAB (HC). That case is currently pending with a briefing schedule ordered on October 20, 2025. The Court finds that this case is duplicative of Petitioner's prior current pending case and should be dismissed.

**ORDER**

The Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition as duplicative be GRANTED and the case be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure,

1  should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **December 2, 2025**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

4