UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEBEDEV MIKHAIL,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX, et al.,<br><br>                    Respondents. | No.  1:25-cv-01414 JLT SKO<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATION (Doc. 10) GRANTING<br>RESPONDENT'S MOTION TO DISMISS<br>PETITION FOR WRIT OF HABEAS CORPUS<br>AS DUPLICATIVE (Doc. 6)<br><br>CLERK OF COURT DIRECTED TO ENTER<br>JUDGMENT AND CLOSE CASE |

Lebedev Mikhail is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 3, 2025, the assigned Magistrate Judge issued findings and recommendation to grant respondents' motion to dismiss the petition as duplicative. (Doc. 10). The Court served the findings and recommendation on the parties and notified them that any objections were due within 21 days. (Doc. 10). The Court advised them that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Neither party filed objections. (*See* docket).

As the Magistrate Judge found, the instant petition is subject to dismissal because it is identical to a previously filed § 2241 petition in the separate matter of *Lebedev v. Warden of the*

1

*Golden State Annex, et al.*, Case No. 1:25-cv-01391-SAB (HC) pending before the Court. (*See* Doc. 10 at 3). Dismissal is appropriate even though petitioner proceeds *in forma pauperis* in the previously filed action but paid the filing fee in the instant action. (*See* Doc. 10 at 2-3; *see also Rosas v. Warden*, 2023 WL 4135908, at *1 (E.D. Cal. June 22, 2023) (citing *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012)), *report and recommendation adopted*, 2023 WL 5334381 (E.D. Cal. Aug. 18, 2023)) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); *Woodson v. Barron*, 2022 WL 618972, at *1-2 (C.D. Cal. Feb. 9, 2022) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)) (federal courts retain broad powers to prevent duplicative or unnecessary litigation); *Alonge v. United States*, 2025 WL 1504446, at *1 (C.D. Cal. May 27, 2025) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)) (dismissing duplicative § 2241 petition); *Arthur Master v. Sheriff Of Santa Clara County*, 2026 WL 50751, at *1 (N.D. Cal. Jan. 7, 2026) (citing *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) *overruled on other grounds, Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)) (a district court has discretion to control its own docket, and that includes the power to dismiss duplicative actions). Here, the interests of judicial economy weigh in favor of dismissal of the instant petition on the ground that it is duplicative of the parties and claims and matters at issue in the previously filed § 2241 proceeding.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendation are supported by the record and proper analysis.  Based upon the foregoing, the Court **ORDERS**:

1.     The Findings and Recommendation issued on December 3, 2025, (Doc. 10), are **ADOPTED** in full.

2.     Respondents' motion to dismiss (Doc. 6), is **GRANTED**.

3.     The petition for writ of habeas corpus is **DISMISSED** as duplicative.

4.     The Clerk of Court is directed to terminate the outstanding motion, enter

judgment, and close the case.[1]

     5.     A certificate of appealability is not required in the event an appeal is filed.[2]

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 20, 2026**

UNITED STATES DISTRICT JUDGE

___

[1] The Court previously ordered that petitioner's motion for temporary restraining order (Doc. 11) filed in this proceeding be transferred to Case No. 1:25-cv-01391-SAB (HC)). (Doc. 12).

[2] A certificate of appealability will not be required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).